# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-1551V
## Filed: February 17, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MONA HOLTRY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Franklin John Caldwell, Jr., Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 18, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury following receipt of her October 8, 2013 influenza vaccination. On August 26, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 30).

On February 2, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35). Petitioner requests attorneys' fees in the amount of $16,590.10 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,638.96 for a total amount of $18,229.06.  *Id.* at 2. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On February 8, 2017, respondent filed a response to petitioner's motion.  (ECF No. 36).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 13, 2017, petitioner filed a reply.  (ECF No.37).  Petitioner disputes respondent's position that respondent has no role in resolving attorneys' fees and further argues that petitioner has met her burden of demonstrating that her request for fees and costs is reasonable.

Upon review of the billing records filed in this case, the undersigned finds no cause to reduce either the costs or number of hours billed.  The undersigned notes, however, that Mr. Caldwell billed 5.5 hours for travel time on March 21, 2016, and a further 5.5 hours on March 22, 2016, amounting to billing of $3,916.00. ECF No. 35-1, pp. 7-8.  The undersigned reduces Mr. Caldwell's hourly rate by half for his travel time. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  This results in a reduction of $1,958.00.  In the undersigned's experience, the request otherwise appears reasonable, and the undersigned finds no cause to further reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,271.06[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Franklin John Caldwell, Jr.**[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236. (ECF No. 35, p. 2.)

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.